1

2

3

4

5

6

7

8      **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     CHARLES D. VILLACRES,                    No. 2:13-cv-1112-LKK-CMK-P

12                    Plaintiff,

13            vs.                                <u>FINDINGS AND RECOMMENDATIONS</u>

14     CALIFORNIA DEPARTMENT OF
       CORRECTIONS & REHABILITATION, et al.

15                    Defendants.

16     _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18     U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19            The court is required to screen complaints brought by prisoners seeking relief

20     against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21     § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22     malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23     from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24     the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25     statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26     This means that claims must be stated simply, concisely, and directly.  <u>See McHenry v. Renne</u>,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

In his complaint, plaintiff claims he was egregiously denied a parole date by the defendants, in violation of his due process rights.  He states that there is no evidence that provides a viable reason to deny him parole.  The relief he is requesting is an immediate parole release date as well as damages.

## II.  DISCUSSION

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding

1  was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

2  (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

3  attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding

4  that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and

5  not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005)

6  (concluding that § 1983 action seeking changes in procedures for determining when an inmate is

7  eligible for parole consideration not barred because changed procedures would hasten future

8  parole consideration and not affect any earlier parole determination under the prior procedures).

9         If a § 1983 complaint states claims which sound in habeas, the court should not

10 convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such

11 claims must be dismissed without prejudice and the complaint should proceed on any remaining

12 cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49

13 F.3d at 585.

14        Here, plaintiff is challenging the Board of Parole Hearing's decision to deny him a

15 parole date.  What he seeks is an immediate parole release date.  He is thus challenging a specific

16 parole determination, which is not cognizable in a § 1983 action.  His sole remedy lies in a

17 petition for writ of habeas corpus.

18                                    **III.  CONCLUSION**

19        Because it does not appear possible that the deficiencies identified herein can be

20 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

21 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

22        Based on the foregoing, the undersigned recommends that the complaint be

23 dismissed for failure to state a cognizable claim.

24        These findings and recommendations are submitted to the United States District

25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

26 after being served with these findings and recommendations, any party may file written

objections with the court.  Responses to objections shall be filed within 14 days after service of

objections.  Failure to file objections within the specified time may waive the right to appeal.

See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  December 30, 2013

                                                    _____
                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE